IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01CV671-03-MU

| | |
|---|---|
| JSHEHAUN O'DELL JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARAMARK FOOD SERVICES, et. al., )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court on its own motion. Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. §1983 on December 17, 2001. The Defendants have filed a Motion for Summary Judgment with a supporting brief. While it appears that the Defendants may be entitled to summary judgment as a matter of law, this Court dismisses this action for failure to prosecute and for failure to obey a court order pursuant to Federal Rule of Civil Procedure 41(b).

According to the record, on December 17, 2001, the plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983. By that Complaint, the plaintiff essentially claims that Defendant Aramark Food Services, through its employee Defendant Schinetta Anderson, has violated his constitutional rights by failing to serve him a vegetarian diet in consideration of his stomach problems and religious requirements and by, on some occasions, failing to serve him any food at all.

The record shows that on May 9, 2002, defendant Aramark Food Services filed an

1

Answer to the plaintiff's Complaint. By their Answer, the Defendant Aramark denies the material allegations of the Plaintiff's Complaint and asserts certain affirmative defenses, including the defense of qualified immunity and governmental sovereign immunity. On April 23, 2004 Defendant Schinetta Anderson filed an Answer to the plaintiff's Complaint. By her Answer, Defendant Schinetta denies the material allegations of Plaintiff's Complaint and asserts certain affirmative defenses, including the defense of qualified immunity, governmental sovereign immunity and public official immunity. Other than some routine discovery motions, no further action has taken place in this case since the time that the defendants filed their Answers.

By Order dated June 13, 2005, this Court noted that "Plaintiff was released from Burke County Catawba Jail as of June 6, 2005. Plaintiff has not provided the Court with an updated address since he left the Mecklenberg County Jail sometime in 2002 and in fact has not otherwise communicated with the Court regarding this case since 2002. (Doc. Number 22.) This Court ordered that Plaintiff provide the Court with his updated address within twenty days and warned that failure to do so may result in dismissal of this case. This Court further ordered that the parties notify the Court of their intent to file dispositive motions within thirty days. The Plaintiff has not updated his address, notified the Court of his intent to file a dispositive motion or otherwise communicated with the Court in response to that Order.

According to Defendant's Motion for Summary Judgment, on June 22, 2005, Defendant ARAMARK served supplemental discovery responses on the Clerk of Court and mailed a copy by certified mail return receipt requested to the address to which the Court directed in its June 13, 2005 Order. On June 24, 2005, Defendant's counsel received a voice message from Plaintiff

providing that same address. On June 28, 2005 Defendants served their Notice of Intent to File Dispositive Motions on Plaintiff by United States mail for delivery at that same address. On July 18, 2005. ARAMARK's supplemental discovery responses were returned to counsel unclaimed and marked "Does not live here." On July 20, 2005, ARAMARK sent a second copy of its supplemental discovery responses by United States mail to the same address. Neither the Notice of Intent to File Dispositive Motions nor the supplemental discovery responses sent by United States mail have been returned to counsel.

A district court may dismiss an action for failure to prosecute. Fed.R.Civ.P. 41(b). Because dismissal is a severe sanction, it should not be invoked lightly. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). Four factors should be considered in determining whether a Rule 41(b) dismissal is appropriate: (1) the degree of plaintiff's personal responsibility; (2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; (3) the amount of resulting prejudice suffered by the defendant; and (4) the existence of less drastic sanctions. See Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991); Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. Denied, 493 U.S. 1084 (1990); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989).

Here, Plaintiff has not participated in this action or corresponded with the Court in any way since 2002. Therefore, Plaintiff's degree of personal responsibility is great. Next, while there is not a protracted history of deliberately proceeding in a dilatory fashion, Plaintiff was ordered to update his address with the Court in June 2005. Plaintiff did not update his address nor contact the Court. Additionally, Plaintiff did not file a notice of his intent to file dispositive motions. Plaintiff was specifically warned that his failure to update his address may lead to

3

dismissal of this action. Prior to the Court's June 13, 2005 order, Plaintiff had not participated in this case since 2002. Therefore, while Plaintiff may not have a long history of deliberately proceeding in a dilatory manner he does have some history of doing so. Next, the amount of prejudice to the defendant in dismissing this action is not great given the Plaintiff has not participated in this action in any meaningful way in 3 years and given the persuasive arguments asserted in Defendants' Motion for Summary Judgement. Finally, while a less drastic sanction may be available, Plaintiff has already been specifically warned that his case may be dismissed for failure to update his address with the Court. The action has been pending since December 17, 2001 and if the Plaintiff is not going to adhere to Court orders and otherwise participate in this action which he initiated almost four years ago, the Court will dismiss his case.

A Court may also dismiss an action for failure to obey a court order. Fed. R. Civ. P. 41(b); Nat'l Hockey League v. Metropolitan Hockey Club, 427 U.S. 639. 642-43 (1976); Heyman c. M.L. Mkt'g Co., 116 F.3d 91, 96 (4th Cir. 1997); Ballard, 882 F.2d at 95. The same factors cited above for dismissal for failure to prosecute are those to be considered for dismissal for failure to obey a court order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case is dismissed for failure to prosecute and failure to obey a court order. Fed. R. Civ. P. 41(b).

**Signed: August 24, 2005**

Graham C. Mullen
Chief United States District Judge